UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
Albany Division

| | |
|---|---|
| JAMES GAMINDE, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>LANG PHARMA NUTRITION, INC., CVS HEALTH CORPORATION and CVS PHARMACY, INC.,<br><br>  Defendant. | Civil Action No.  1:18-CV-0300  (GLS/DEP)<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff James Gaminde ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants Lang Pharma Nutrition, Inc., CVS Health Corporation, and CVS Pharmacy, Inc. ("Defendants"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of purchasers of CVS 100% Pure 300mg Omega-3 Krill Oil ("CVS Krill Oil" or the "Product").

2. Krill oil is a type of fish oil prepared from a species of Antarctic krill. Fish oil supplements are the primary dietary sources of long-chain omega-3 polyunsaturated fatty acids, including eicosapentaenoic ("EPA") and docosahexaenoic acid ("DHA"). *See* Alison C. Kleiner, *et al.*, *A Comparison of Actual Versus Stated Label Amounts of EPA and DHA In Commercial Omega-3 Dietary Supplements in the United States*, 95 J. Sci. Food & Agric. 1260 (2015). EPA and DHA have been associated with many health benefits throughout life, including the

development of cognition and photoreceptors during fetal and infant development, healthier pregnancies and breast milk composition, and, in aging populations, improved cardiovascular health, maintenance of cognitive function, retention of visual abilities, and a decreased inflammatory response to injury. *Id.*

3. According to independent research funded by the United States Department of Agriculture, and published in the *Journal of the Science of Food and Agriculture*, each bottle of CVS Krill Oil only contains approximately 60% of the 300mg of Omega-3 Krill Oil represented. *See id.* at 1260-67.



*Id.* at 1265.

4. The objective of the study was to assess EPA and DHA label declarations of fish, krill, and algal oil dietary supplements in the USA. *Id.* at 1260.

5. The researchers concluded that "the quality of fish oil supplements is not being adequately monitored by manufacturers or government agencies." *Id.*

6. The researchers' findings were similar to previously published studies. *Id.* at 1266.

7. Plaintiff asserts claims on behalf of himself and a nationwide class of purchasers of CVS Krill Oil for violation of New York General Business Law §§ 349 and 350, breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, and fraud.

## THE PARTIES

8. Plaintiff James Gaminde is a citizen of New York who resides in Schenectady, New York. In the winter of 2015, Plaintiff purchased a bottle CVS 100% Pure 300mg Omega-3 Krill Oil at a CVS retail store in or around Schenectady, New York. The CVS Krill Oil he purchased prominently displayed on the package that the Product contained 300mg of Omega-3 Krill Oil. He saw this representation prior to and at the time of purchase, and understood it as a representation and warranty that the product did, in fact, contain 300mg of Omega-3 Krill Oil. He relied on this representation and warranty in deciding to purchase CVS Krill Oil, and this representation and warranty was part of the basis of the bargain in that he would not have purchased CVS Krill Oil, or would have only been willing to pay a reduced price for CVS Krill Oil, if he had known that the Product did not, in fact, contain 300mg of Omega-3 Krill Oil. However, the CVS Krill Oil purchased by Plaintiff was mislabeled in that it did not contain 300mg of Omega-3 Krill Oil.

9. Defendant Lang Pharma Nutrition, Inc. is a Rhode Island corporation with its principal place of business at 20 Silva Lane, Newport, Rhode Island 02842. Lang Pharma Nutrition is engaged in the manufacturing, processing, packaging, and distribution of CVS Krill Oil. Lang Pharma Nutrition sells CVS Krill Oil throughout New York and the entire United States.

10. Defendant CVS Health Corporation is a Rhode Island corporation with its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895. CVS Health Corporation is engaged in the processing, packaging, and distribution of CVS Krill Oil. CVS Health Corporation sells CVS Krill Oil throughout New York and the entire United States

11. Defendant CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business at One CVS Drive, Woonsocket, Rhode Island 02895. CVS Pharmacy, Inc. is a subsidiary of Defendant CVS Health Corporation. CVS Pharmacy, Inc. is engaged in the processing, packaging, and distribution of CVS Krill Oil. CVS Pharmacy, Inc. sells CVS Krill Oil throughout New York and the entire United States.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, as well as most members of the proposed class, are citizens of states different from Defendants. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

13. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of New York, resides in this District, and

purchased CVS Krill Oil from Defendants in this District.  Moreover, Defendants distributed, advertised, and sold CVS Krill Oil, which is the subject of the present complaint, in this District.

**FACTUAL BACKGROUND**

14. Defendants uniformly represent on the front of CVS Krill Oil's packaging that the Product contains 300mg of 100% Pure Omega-3 Krill Oil.



15. But this is not true.  Independent research funded by the United States Department of Agriculture, and published in the *Journal of the Science of Food and Agriculture*, confirms

that CVS Krill Oil only contains approximately 60% (or approximately 180mg) of the 300mg of Omega-3 Krill Oil represented on the packaging.

16.     Thus, consumers are only receiving approximately 60% of the very essence of the Product they purchased.

## CLASS REPRESENTATION ALLEGATIONS

17.     Plaintiff seeks to represent a class defined as all persons in the United States who purchased CVS 100% Pure 300mg Omega-3 Krill Oil (the "Class").  Excluded from the Class are persons who made such purchase for purpose of resale.

18.     Plaintiff also seeks to represent a subclass of all Class members who purchased CVS 100% Pure 300mg Omega-3 Krill Oil in New York (the "New York Subclass").

19.     Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable.  Upon information and belief, Defendants' annual sales of CVS 100% Pure 300mg Omega-3 Krill Oil are in the tens or hundreds of millions of dollars; thus members of the Class number in the millions and members of the New York Subclass number in the hundreds of thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third party retailers and vendors.

20.     Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:  whether CVS 100% Pure 300mg Omega-3 Krill Oil actually contains 300mg of Omega-3 Krill Oil.

21.     The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff purchased one or more bottles of CVS 100% Pure 300mg Omega-3 Krill Oil.

22. Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

23. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and Subclass members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**(Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)**

24. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

25. Plaintiff brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

26. By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by misrepresenting that CVS Krill Oil contained 300mg of Omega-3 Krill Oil.

27. The foregoing deceptive acts and practices were directed at consumers.

28. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of CVS Krill Oil to induce consumers to purchase same.

29. Plaintiff and members of the Class and New York Subclass were injured because (a) they would not have purchased CVS Krill Oil had they known that it did not contain the amount of Krill Oil as represented, (b) they overpaid for CVS Krill Oil because it is sold at a price premium, and (c) CVS Krill Oil did not have the characteristics, uses, or benefits as promised, namely that it contained 300mg of Omega-3 Krill Oil.  As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the CVS Krill Oil or in the difference in value between CVS Krill Oil as warranted and CVS Krill Oil as actually sold.

30. On behalf of themselves and other members of the Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## Count II
### (False Advertising, New York Gen. Bus. Law § 350)

31. Plaintiff hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

32. Plaintiff brings this claim individually and on behalf of the members of the proposed New York Subclass.

33. Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation

of Section 350 of the New York General Business Law by misrepresenting the amount of Omega-3 Krill Oil contained in CVS Krill Oil.

34. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

35. This misrepresentation has resulted in consumer injury or harm to the public interest.

36. Plaintiff and New York Subclass members were injured as a direct and proximate result of Defendants' violation because (a) they would not have purchased CVS Krill Oil had they known that it did not contain the amount of Omega-3 Krill Oil as represented, (b) they overpaid for CVS Krill Oil because it is sold at a price premium, and (c) CVS Krill Oil did not have the characteristics, uses, or benefits as promised, namely that it contained 300mg of Omega-3 Krill Oil. As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the CVS Krill Oil or in the difference in value between CVS Krill Oil as warranted and CVS Krill Oil as actually sold.

37. On behalf of himself and other members of the New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

## COUNT III
**(Breach Of Express Warranty)**

38. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

39. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendants.

9

40. On February 6, 2018, Plaintiff provided Defendants with notice of this claim by letter that complied in all respects with U.C.C. § 2-607(3)(a).

41. Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, expressly warranted that CVS 100% Pure 300mg Omega-3 Krill Oil contained 300mg of Omega-3 Krill Oil.

42. In fact, CVS 100% Pure 300mg Omega-3 Krill Oil only contains approximately 60% (or approximately 180mg) of the 300mg of Omega-3 Krill Oil represented.

43. As a direct and proximate cause of Defendants' breach of express warranty, Plaintiff and Class members have been injured and harmed because (a) they would not have purchased CVS 100% Pure 300mg Omega-3 Krill Oil had they known the Product did not contain 300mg of Omega-3 Krill Oil, and (b) they were shorted on the amount of CVS 100% Pure 300mg Omega-3 Krill Oil they received because the bottles did not contain 300mg of Krill Oil.  As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the CVS Krill Oil or in the difference in value between CVS Krill Oil as warranted and CVS Krill Oil as actually sold.

## COUNT IV
### (Breach Of Implied Warranty Of Merchantability)

44. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendants.

46. On February 6, 2018, Plaintiff provided Defendants with notice of this claim by letter that complied in all respects with U.C.C. § 2-607(3)(a).

47. Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers, impliedly warranted that CVS 100% Pure 300mg Omega-3 Krill Oil contained 300mg of Krill Oil.

48. Defendants breached the warranty implied in the contract for the sale of CVS 100% Pure 300mg Omega-3 Krill Oil because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because the CVS Krill Oil did not in fact contain 300mg of Krill Oil. As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendants to be merchantable.

49. Plaintiff and Class members purchased CVS Krill Oil in reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose.

50. CVS Krill Oil was not altered by Plaintiff or Class members.

51. CVS Krill Oil was defective when it left the exclusive control of Defendants.

52. Defendants knew that CVS Krill Oil would be purchased and used without additional testing by Plaintiff and Class members.

53. CVS Krill Oil was defectively designed and unfit for its intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

54. As a direct and proximate cause of Defendants' breach of warranty, Plaintiff and Class members have been injured and harmed because (a) they would not have purchased CVS 100% Pure 300mg Omega-3 Krill Oil had they known the Product did not contain 300mg of Omega-3 Krill Oil, and (b) they were shorted on the amount of CVS 100% Pure 300mg Omega-3 Krill Oil they received because the bottles did not contain 300mg of Krill Oil.

## COUNT V
### (Unjust Enrichment)

55. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

56. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendants.

57. Plaintiff and Class members conferred benefits on Defendants by purchasing CVS Krill Oil.

58. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of CVS Krill Oil. Retention of those monies under these circumstances is unjust and inequitable because Defendants' sale of CVS Krill Oil resulted in purchasers being denied the full benefit of their purchase because they were shorted on the amount of Krill Oil they received.

59. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

## COUNT VI
### (Fraud)

60. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

61. Plaintiff bring this claim individually and on behalf of the members of the proposed Class and New York Subclass against Defendants.

62. As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about CVS Krill Oil,

including but not limited to the fact that it contains less Omega-3 Krill Oil than what is represented on the Product's packaging. These misrepresentations and omissions were made with knowledge of their falsehood.

63. The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase CVS Krill Oil.

64. The fraudulent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## **RELIEF DEMANDED**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendants, as follows:

A. For an order certifying the nationwide Class and the Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representatives of the Class and Subclasses and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

B. For an order declaring the Defendants' conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

D. For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper; and

H. For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated: March 9, 2018

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Philip L. Fraietta*

Philip L. Fraietta
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  pfraietta@bursor.com

*Attorneys for Plaintiffs*