**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JAMES GAMINDE,**
individually and on behalf of
all others similarly situated,

                                                  **1:18-cv-300**
             **Plaintiff,**                    **(GLS/DEP)**

              v.

**LANG PHARMA NUTRITION, INC.**
**et al.,**

             **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Bursor & Fisher, P.A. | PHILIP LAWRENCE FRAIETTA, ESQ. |
| 888 Seventh Avenue | |
| New York, NY 10019 | ALEC LESLIE, ESQ. |
| | |
| **FOR THE DEFENDANTS:** | |
| Perkins, Coie Law Firm | JALINA J. HUDSON, ESQ. |
| 30 Rockefeller Plaza, 22nd Floor | |
| New York, NY 10112 | |
| | |
| 1201 Third Avenue, 48th Floor | CHARLES C. SIPOS, ESQ. |
| Seattle, WA 98101 | |
| | |
| 1999 Avenue of the State, 9th Floor | DAVID BIDERMAN, ESQ. |
| Los Angeles, CA 90067 | |
| | |
| 1888 Century Park East, Suite 1700 | STEVEN K. HWANG, ESQ. |
| Los Angeles, CA 90067 | |

**Gary L. Sharpe**

**Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff James Gaminde commenced this putative class action on behalf of purchasers of CVS 100% Pure 300mg Omega-3 Krill Oil (hereinafter "CVS Krill Oil") against defendants Lang Pharma Nutrition, Inc., CVS Health Corporation, and CVS Pharmacy, Inc. (Compl., Dkt. No. 1.) Gaminde alleges that CVS Krill Oil contains only approximately sixty percent of the 300mg of Omega-3 Krill Oil represented by the label, (*id.* ¶¶ 3, 8, 14-16), and brings state law claims for deceptive acts or practices, false advertising, breach of express warranty, breach of implied warranty of merchantability, unjust enrichment, and fraud, (*id.* ¶¶ 7, 26, 33, 43, 48, 58, 64). Pending is defendants' motion to dismiss. (Dkt. No. 14.) For the following reasons, that motion is granted.

## II. Background

**A.    Facts**[1]

In 2015, Gaminde purchased a bottle of CVS Krill Oil at a CVS store

---

[1] The facts are drawn from Gaminde's complaint and presented in the light most favorable to him.

in or around Schenectady, New York. (Compl. ¶ 8.)

Krill oil is a type of fish oil that has been associated with many health benefits. (*Id.* ¶ 2.) The CVS Krill Oil that Gaminde purchased prominently displayed on the package that it contained 300mg of Omega-3 Krill Oil. (*Id.* ¶ 8.) "However, the CVS Krill Oil purchased by [Gaminde] was mislabeled in that it did not contain 300mg of Omega-3 Krill Oil." (*Id.*) That is, "[a]ccording to independent research funded by the United States Department of Agriculture[] [(USDA)] and published in the *Journal of the Science of Food and Agriculture* [(hereinafter the *Journal*)], each bottle of CVS Krill Oil only contains approximately [sixty percent] of the 300mg of Omega-3 Krill Oil represented." (*Id.* ¶ 3.)

## B. Procedural History

Gaminde filed his complaint on March 9, 2018. (*Id.*) He seeks to represent a class of all persons in the United States who purchased CVS Krill Oil and a subclass who purchased it in New York. (*Id.* ¶¶ 17-18.) Specifically, Gaminde brings claims for: (1) deceptive acts or practices under N.Y. Gen. Bus. Law § 349, (*id.* ¶¶ 24-30); (2) false advertising under N.Y. Gen. Bus. Law § 350, (*id.* ¶¶ 31-37); (3) breach of express warranty, (*id.* ¶¶ 38-43); (4) breach of implied warranty of merchantability, (*id.* ¶¶ 44-

3

54); (5) unjust enrichment, (*id.* ¶¶ 55-59); and (6) fraud, (*id.* ¶¶ 60-64). On May 15, 2018, defendants filed the pending motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 14.)

### III. Discussion

#### A. Rule 12(b)(1)

Defendants argue that Gaminde's allegations fail to establish standing. (*Id.*, Attach. 1 at 14-17.) Specifically, they argue that Gaminde failed to allege "that the single bottle of CVS Krill Oil that he actually purchased contained less than 300mg of [Omega-3 Krill Oil]." (*Id.* at 15.) Defendants highlight Gaminde's failure to allege that he tested the CVS Krill Oil that he purchased, had an independent laboratory test it, or is still in possession of it such that it may be tested. (*Id.*) They add that there are numerous factors that affect the nutrient content amount from sample to sample, lot to lot, and bottle to bottle, and thus Gaminde has failed to sufficiently plead an injury-in-fact, which is required for standing. (*Id.* at 17.)

Gaminde responds that the following allegation is sufficient to establish standing: "the CVS Krill Oil purchased by [Gaminde] was mislabeled in that it did not contain 300mg of Omega-3 Krill Oil." (Dkt. No.

25 at 9 (quoting Compl. ¶ 8).) Gaminde also cites the USDA research published in the *Journal* to counter defendants' arguments regarding the lack of testing. (Dkt. No. 25 at 10 & n.3.)

The court agrees with defendants. Faced with a 12(b)(1) motion, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "If [a] plaintiff[] lack[s] Article III standing, a court has no subject matter jurisdiction to hear [his or her] claim[s]." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (internal quotation marks and citation omitted). Thus, it is Gaminde's burden to prove by a preponderance that he has standing, and he has failed to do so.

Among other things, standing requires that "the plaintiff must have suffered an 'injury in fact' . . . which is . . . concrete and particularized." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted). That is, "the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1. Here, Gaminde relies on his conclusory and unsubstantiated allegation that "the CVS Krill Oil purchased by [Gaminde] was mislabeled in that it did not contain 300mg of Omega-3 Krill

5

Oil." (Dkt. No. 25 at 9 (quoting Compl. ¶ 8).)[2]  Although "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, . . . jurisdiction must be shown affirmatively, *and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it*." *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (emphasis added) (internal quotation marks and citations omitted); *see Citadel Mgmt., Inc. v. Telesis Tr., Inc.*, 123 F. Supp. 2d 133, 152 (S.D.N.Y. 2000) (holding lack of standing where claim was "based upon mere speculation").

Gaminde's argument that the USDA's study in the *Journal* concluded that two bottles[3] of CVS Krill Oil contained approximately sixty percent of

---

[2] Gaminde also alleges that "he would not have purchased CVS Krill Oil . . . if he had known that [it] did not, in fact, contain 300mg of Omega-3 Krill Oil." (Compl. ¶ 8.)  He alleges further that "CVS Krill Oil did not have the . . . benefits as promised, namely that it contained 300mg of Omega-3 Krill Oil," (*id.* ¶¶ 29, 36), and he was injured "because the bottles did not contain 300mg of [Omega-3] Krill Oil," (*id.* ¶ 43).  In opposing the motion to dismiss, Gaminde cites these allegations to argue that he has established standing.  (Dkt. No. 25 at 9-10.)  But for purposes of standing, these allegations are just variations of his initial conclusory allegation that the CVS Krill Oil that he purchased did not contain 300mg of Omega-3 Krill Oil.  (Compl. ¶ 8.)

[3] Defendants assert that the *Journal* study tested only two bottles of CVS Krill Oil.  (Dkt. No. 14, Attach. 1 at 11.)  However, the *Journal* study states that "[t]wo lots" were purchased.  (*Id.*, Attach. 2 at 7 (CM/ECF-

6

the purported 300mg of Omega-3 Krill Oil, (Dkt. No. 25 at 10 & n.3 (quoting Compl. ¶ 3)), is a red herring. In *Wallace v. ConAgra Foods, Inc.*, plaintiffs "pin[ned] their Article III [standing] hopes on the allegation that they paid a premium price for the Hebrew National products purchased believing them to be 100% strictly kosher, when they weren't." 747 F.3d 1025, 1030 (8th Cir. 2014). But the Eighth Circuit held that the plaintiffs lacked standing because their "allegations fail[ed] to show that any of the *particular packages* of Hebrew National beef *they personally purchased* contained non-kosher beef." *Id.* (emphases added). In other words, "it is pure speculation to say the particular packages sold to the [plaintiff]s were tainted by non-kosher beef." *Id.* at 1031. So here—it is speculation to allege that because two CVS Krill Oil bottles in a USDA study were found to have less than the stated amount of Omega-3 Krill Oil, the bottle that Gaminde purchased must as well.[4] *See Fahey ex rel. D.C. v. Deoleo USA,*

---

generated page number).) But because Gaminde does not challenge defendants' assertion, (*see generally* Dkt. No. 25), the court will refer to two bottles. In any event, it makes no difference to the court's analysis whether it was two lots or two bottles. It should be noted that the court may properly take the *Journal* study into consideration on a 12(b)(1) motion. *See Makarova*, 201 F.3d at 113.

[4] Defendants argue that "the amount of any naturally-occurring nutrient or substance in an agricultural product[] can be expected to vary

*Inc.*, Case No. 18-cv-2047, 2018 WL 5840664, at *2 (D.D.C. Nov. 8, 2018) (rejecting reliance on study results to support inference that particular bottle of product was mislabeled because of methodological, temporal, and geographic assumptions required)[5]; *Meyer v. Colavita USA Inc.*, Case No. 10–61781–CIV, 2011 WL 13216980, at *5 (S.D. Fla. Sept. 13, 2011) (dismissing claim where "[p]laintiffs d[id] not allege facts suggesting that

---

from product-to-product and lot-to-lot." (Dkt. No. 14, Attach. 1 at 15-16 (internal citation and emphasis omitted).) Indeed, the USDA study itself concedes that "[t]here are many possible reasons for the supplements containing less than the stated label amount of [Omega-3 Krill Oil]," including "fluctuations in the fatty acid concentrations of fish during different times of the year." (*Id.*, Attach. 2 at 10 (CM/ECF-generated page number) (internal footnote omitted).) Gaminde does not address these arguments. (*See generally* Dkt. No. 25.)

[5] The *Fahey* court questioned drawing on the study in part because it used a small sample size of three bottles; here, there is also a small sample size of two bottles. *See* 2018 WL 5840664, at *2; *supra* n.3. The second assumption that *Fahey* took issue with was temporal, as the study was conducted eight years before the plaintiff purchased his bottle. *See* 2018 WL 5840664, at *2. Similarly, here, the study was published before Gaminde made his purchase. (*Compare* Dkt. No. 14, Attach. 2 at 4 (CM/ECF-generated page number), *with* Compl. ¶ 8.) Finally, *Fahey* notes the problematic geographic relationship between the study's purchase of three bottles in California and the plaintiff's purchase in the District of Columbia. *See* 2018 WL 5840664, at *3. As the USDA study tested CVS Krill Oil purchased in the areas around Lafayette, Indiana and Chesterfield, Missouri, (Dkt. No. 14, Attach. 2 at 7 (CM/ECF-generated page number)), and Gaminde made his purchase in or around Schenectady, New York, (Compl. ¶ 8), the same problem exists here.

8

the olive oil they purchased was not actually extra virgin olive oil" but instead "support[ed] their claims with speculation and unwarranted extrapolation from [a] [s]tudy's findings . . . [that] involved a very limited sampling").

Gaminde's failure to allege that he tested his bottle of CVS Krill Oil—indeed, his failure to make any allegation regarding how he knows that it was mislabeled—is fatal. *See Mahon*, 683 F.3d at 62, 66; *Makarova*, 201 F.3d at 113.

**B.  Rule 12(b)(6)**

Defendants also argue, pursuant to Rule 12(b)(6), that Gaminde's complaint should be dismissed for failure to state a claim. (Dkt. No. 14, Attach. 1 at 9-14, 17-18.) However, because the court has held that Gaminde lacks standing to pursue his claims, there is no need to reach defendants' Rule 12(b)(6) arguments. *See Price v. Saugerties Cent. Sch. Dist.*, 305 F. App'x 715, 716 (2d Cir. 2009) ("Because we conclude . . . that the plaintiffs lack standing, we need not reach the other ground for disposition."); *see also Kelen v. Nordstrom, Inc.*, 259 F. Supp. 3d 75, 82 (S.D.N.Y. 2016).

**C.  Amendment of Gaminde's Complaint**

9

In his response to defendants' motion to dismiss, Gaminde states that "to the extent that the [c]ourt finds any deficiencies in [his] pleadings, [he] respectfully requests leave to amend." (Dkt. No. 25 at 14 (citing Fed. R. Civ. P. 15(a)(2)).) But Gaminde ignores that there are rules. Gaminde failed to file a cross-motion pursuant to Local Rule 7.1(c), and he also failed to comply with Local Rule 7.1(a)(4), which states that "[a] party moving to amend a pleading pursuant to Fed. R. Civ. P. . . . 15 . . . must attach an unsigned copy of the proposed amended pleading to its motion papers." *See Zuk v. Onondaga County*, No. 5:7–CV–732, 2010 WL 3909524, at *21 (N.D.N.Y. Sept. 30, 2010), *aff'd* 471 F. App'x 70 (2d Cir. 2012) (rejecting request for leave to file amended complaint because, among other things, "[p]laintiff's request was submitted, not as a proper motion, but merely as an argument raised in his response memorandum of law" and lacked copy of proposed amended pleading).[6]

Moreover, the court is not required to grant leave to amend if amendment would be futile, such that "it appears beyond doubt that the

---

[6] "A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). But Gaminde is not without counsel.

10

plaintiff can plead no set of facts that would entitle him to relief." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2011). "There is no proposed amendment of any kind available to the [c]ourt. As a result, based on the information before the [c]ourt, it appears beyond doubt that plaintiff can plead no set of facts that would entitle h[im] to relief." *Robertson v. MetLife Sec, Inc.*, Case # 16-CV-289, 2018 WL 1569385, at *5-6 (W.D.N.Y. Mar. 30, 2018), *appeal filed* No. 18-1236 (2d Cir. Apr. 26, 2018) (internal quotation marks and citations omitted); *see also Gregory v. ProNAi Therapeutics, Inc.*, No. 18-1061-cv, 2018 WL 6288008, at *3 & n.6 (2d Cir. Dec. 3, 2018) (affirming district court's denial of leave to amend where "plaintiffs sought leave to amend in a footnote at the end of their opposition to defendants' motion to dismiss, they included no proposed amendments[,]" and "did [not] file a motion to amend or otherwise provide the district court with a list of proposed modifications to the complaint that would cure the defects that resulted in dismissal").[7] Consequently,

---

[7] In his response to defendants' motion to dismiss, Gaminde did not allude to additional facts that were not alleged in the complaint. (*See* generally Dkt. No. 25); *see also O'Brien v. Carrier Coach, Inc.*, No. 03–CV–875, 2006 WL 692409, at *7 n.6 (W.D.N.Y. Mar. 13, 2006) (denying request to amend because "plaintiff has not alluded to the existence of any facts or cited any law that would cure the defects" in the complaint) (citing *Bliss v. Rochester City Sch. Dist.*, 196 F. Supp. 2d 314,

amendment would be futile, *see Robertson*, 2018 WL 1569385, at *6, and Gaminde's one-sentence request to amend at the end of his response, (Dkt. No. 25 at 14), is denied.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss pursuant to Rule 12(b)(1) (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that defendants' motion to dismiss pursuant to Rule 12(b)(6) (Dkt. No. 14) is **DENIED AS MOOT**; and it is further

**ORDERED** that Gaminde's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 25, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

342 (W.D.N.Y. 2002), *aff'd* 103 F. App'x 421 (2d Cir. 2004)).